12/14 ed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLAINTIFF [et al.], | : | |
|     *Plaintiff[s]*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. ##-#### |
| DEFENDANT [et al.], | : | Judge Gene E.K. Pratter |
|     *Defendant[s]*. | : | *[DO NOT FILE[1]]* |

**[Template and Expectations for]
JOINT REPORT OF RULE 26(f) MEETING
AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's policies and procedures, counsel for the parties conferred on *[DATE]* and hereby submit the following Report of their meeting for the Court's consideration:

**Claims, Defenses, and Relevant Issues (Rule 26(f)(2))**

The Court takes seriously Rule 26(f)(2)'s mandate that the parties confer and discuss these issues, and the parties should refer to the Rule in addition to this template.[1]

Counsel should assume that the Court has read the pleadings. However, the facts supporting the claims and defenses may be unknown. Counsel should therefore *concisely* (one or two paragraphs) set forth the factual background that the parties contend supports their claims and defenses.

Counsel should summarize their discussion of primary issues, threshold issues (including, for instance, jurisdictional issues), and those issues on which the parties will need to conduct

---

[1] Submit this Joint Report to Chambers, Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA 19106, or by fax, 267-299-5070. *Do not file it on ECF or with the Clerk.*

1

discovery. They should identify what information each party needs in discovery as well as when and why. Counsel should also indicate all likely motions they anticipate (especially summary judgment and *Daubert* motions) and their proposed deadlines.

### Initial Disclosures (Self-Executing Discovery) (Rule 26(f)(3)(A))

Rule 26(a)(1) lays out the requirements for initial disclosures. Counsel should state the parties' agreement on timing, form, and scope of initial disclosures by specifically identifying not only the information listed in Rule 26(a)(1), but also any additional information the parties agree to disclose informally.

Self-executing discovery should not be delayed until the initial pretrial conference. If the parties have not made the Rule 26(a)(1) initial disclosures before the initial pretrial conference, they should explain why not and indicate when they expect to have completed it.

In employment cases involving adverse action, counsel should proceed in consultation with the "Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action."[2]

### Fact and Expert Discovery (Rule 26(f)(3)(B))

Counsel should indicate the nature, sequence, and timing of fact and expert (if applicable) discovery. They should indicate, for example, if they expect to *need* to exceed the standard number of interrogatories or depositions as provided for in the Federal Rules of Civil Procedure, and they should stipulate to such a change. Counsel should also address whether there is any need to conduct discovery in phases and, if so, why and to what extent. *See* Fed. R. Civ. P. 26(f)(3)(B).

---

[2] Go to the website for the U.S. District Court for the Eastern District of Pennsylvania (https://www.paed.uscourts.gov/), click the link for Judges' Procedures, and look under Judge Pratter. The direct URL is https://www.paed.uscourts.gov/documents/procedures/prapol3.pdf.

If applicable, counsel should state their agreement on the timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether (and by what date) depositions of experts will be needed. State whether expert reports may be exchanged simultaneously or whether their production should be staggered.

Again, timing proposals should include specific dates and should be accompanied by a reason why those deadlines are appropriate. In an uncomplicated case, all discovery should be completed within 120 days after appearances have been filed for all defendants; counsel should state, if applicable, if and why they need longer to complete discovery. Note, in addition, that the discovery deadline means that all reasonably foreseeable discovery must be served, noticed, *and completed* by that date.[3]

### Electronic Discovery (Rule 26(f)(3)(C))

The parties are expected to reach an agreement on how to conduct electronic discovery. In the event that they cannot reach an agreement before the initial pretrial conference, the Court may enter an order incorporating the default standards.

The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.

---

[3] Discovery may take place after the dates that will be set by the Court's Scheduling Order only by agreement of the parties, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted. The parties may make such an agreement without the Court's intervention, but they will need to (a) seek the Court's permission to change any other dates (such as due dates for motions or trial pool listing) or (b) show good cause if moving to compel discovery after the deadline date for the failure to timely serve the discovery.

The parties should refer to the Court's "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ('ESI')" for additional guidance.[4]

### Early Settlement or Alternative Dispute Resolution

Counsel should discuss "the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f)(2). They should familiarize themselves with Local Rule of Civil Procedure 53.3, which governs alternative dispute resolution.[5]

Counsel should state whether they request either a settlement conference before a Magistrate Judge or mediation under Local Rule of Civil Procedure 53.3. In either case, counsel should state when they expect to be ready to mediate or attend a settlement conference (e.g., after initial disclosures, after fact discovery closes, or after plaintiff produces his expert report).

The parties should explain any decision not to seek early resolution and should address what alternative dispute resolution they may be willing to consider, and when, in the future.

### Trial Date

In the Scheduling Order that is issued following the initial pretrial conference, the Court generally schedules a trial pool date rather than a trial date certain. A trial pool date is a notice date that the matter is ripe for trial; generally, a date certain will be set at the final pretrial conference.

The parties should propose a trial pool date that represents the date by which they expect to be ready for trial. If the parties instead request a date certain, they should indicate why. In

---

[4] Go to the website for the U.S. District Court for the Eastern District of Pennsylvania (https://www.paed.uscourts.gov/), click the link for Judges' Procedures, and look under Judge Pratter. The direct URL is https://www.paed.uscourts.gov/documents/procedures/prapol4.pdf.

[5] The Local Rules are available at https://www.paed.uscourts.gov/documents/locrules/civil/cvrules.pdf.

either case, the parties should state how long each party expects for presentation of its case and an estimate for the length of the entire trial.

## Expedited Trial Alternative

Counsel must certify to the Court that they have discussed with their respective clients the Expedited Trial Alternative described in the Court's Notice To Counsel: Scheduling and Discovery Policy.  If the parties agree to avail themselves of the Alternative, they should promptly inform the Court, in which event their Joint Report may be curtailed accordingly.

## Other Matters

Counsel should describe any discussion and agreement on relevant matters not addressed above.  All counsel are expected to sign the Joint Report.